13452

THOMASON *ET AL.* v. ABBEVILLE-GREENWOOD MUTUAL INSURANCE ASSOCIATION

(164 S. E., 898)

Messrs. *J. Fraser Lyon, Bowen & Bryson, Price & Poag* and *W. A. Null,* for appellant.

*Mr. R. N. Ward,* for respondents,

July 18, 1932.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

E. L. Thomason had a fire insurance policy covering his dwelling with the defendant insurance company. The insured died on April 7, 1930. The executors of his estate took possession of the dwelling.

Under the terms of the policy, an assessment was levied on September 1, 1930, and a notice thereof was sent out by the company, addressed to the deceased. The executors said they did not receive the notice.

On November 15, 1930, the house was destroyed by fire.

The executors brought suit for the recovery of the amount of the policy, and the defendant resisted payment.

The trial in the County Court of Greenville County, with Honorable M. F. Ansel, County Judge, presiding, resulted

in a verdict of the jury and the judgment of the Court in favor of the plaintiffs, and the insurance company has appealed therefrom.

The transcript of record and the briefs of counsel are model. They present clearly and concisely, in about as few words as possible, the only issue in the cause.

Only two clauses in the policy are involved. They are as follows:

"4. If, at any time, there shall be a change of title or ownership of the within described property, the obligation of the insured and the Association shall at once cease. Provided: In the event of the death of the insured this contract of insurance shall remain in full force and effect until the first day of January following the first assessment made after the death of insured."

"12. An assessment on this policy will be made during the first week in October in each year, so long as said policy shall remain of force, and such assessment shall be paid by the insured to this Association on or before the first day of November following. Other assessments may be made if in the judgment of the President and Secretary and Treasurer the same may be desirable. But in case other assessments are made, other than the one provided for during the first week in October, written notice thereof shall be mailed to the insured, and the insured shall have thirty days from the date of mailing such notice to pay this Association the amount of such assessment. *If any assessment is not paid within the time herein provided, this policy shall be suspended and this Association shall not be liable for any loss that may occur, and immediately upon default in the payment of any assessment as herein provided,* or at any other time thereafter, the lien held by this Association may at its option be enforced."

The trial Judge charged the jury that, regardless of the nonpayment of assessments, under the terms of clause 4 of the policy, on account of the death of the insured, the policy remained in full force and effect until the

first day of January, 1931. The insurance company says that charge was erroneous, and that the failure to pay the assessment, levied after the death of the insured, within the required time, voided the policy.

The clauses, quoted from the policy, may appear to be inconsistent, but when we read them carefully, and keep in mind certain principles well recognized in the law of insurance, we think there is no doubt that the clauses are in harmony and the instructions given the jury were absolutely correct.

It is provided in clause 12: *"If any assessment is not paid within the time herein provided, this policy shall be suspended and this Association shall not be liable for any loss that may occur, and immediately upon default in the payment of any assessment as herein provided,* or at any other time thereafter, the lien held by this Association may at its option be enforced."

The insurance company takes the position that, under the quoted language, when the executors failed to pay the assessment made, all rights under the policy ceased.

It is our opinion that the clauses must be read and construed together. The provision of clause 4, to the effect that the insurance should *"remain in full force and effect until the first day of January following the first assessment made after the death of insured,"* is favorable to the beneficiaries who succeeded to the rights of the insured. The law requires the Courts to construe doubtful language of insurance policies in favor of the insured. It is needless to cite the many decisions of this Court to sustain that view. We quote the very strong language of this Court in the recent case of *Parker v. Jefferson Standard Life Insurance Co.,* 158 S. C., 394, 155 S. E., 617, 618: "In the construction of insurance contracts, it is vitally essential that the Courts do not ignore the fact that the primary object of all insurance is to insure, and that, in cases of doubt, uncertainty, manifest ambiguity, or susceptibility of two equally

reasonable interpretations, since the language used is the selection and arrangement of the insurer, such contracts must be liberally construed in favor of the insured."

Mutual insurance associations are for the benefit of their members, and the policyholders constitute the members. Insured property of a member, on account of his death, may pass to his heirs at law, devisees, legatees, or estate any day. Sometimes, when a man dies those in charge of his estate do not know much about his affairs and the contracts he has made. It takes some time to secure the appointment and qualification of an executor or an administrator. After appointment, the executor or administrator needs some little time to ascertain the condition of the estate, and arrange for the payment of legal obligations. It was clearly the intention of the proviso in clause 4 of the policy involved here to allow for such occurrences and emergencies. The emergency, to which the policy looked, occurred in this case, and the insurance company should pay the loss.

The judgment of the lower Court is affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.