18152

Mrs. Bruce W. KINGMAN, Respondent, v. NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant

(134 S. E. (2d) 217)

*Messrs. Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Appellant,*

*Messrs. Graydon, Davis & Sawyer,* of Columbia, *for Respondent,*

*Messrs. Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Appellant, in Reply,*

January 6, 1964.

Moss, Justice.

It is agreed that on July 9, 1959, Mrs. Bruce W. Kingman, the respondent herein, was riding in an automobile owned and operated by Edgar U. Waters, her brother, when it was involved in a collision and the respondent suffered personal injuries. Her medical expenses, on account of such personal injuries, exceeded Two Thousand ($2,000.00) Dollars. After the accident she was continuously and necessarily confined indoors due to such injuries and was under

the care of a licensed physician for a period of sixty-four days.

At the time the respondent suffered her personal injuries, Nationwide Mutual Insurance Company, the appellant herein, had previously issued to Edgar U. Waters a policy of insurance covering the automobile in which the respondent was riding as a passenger. The appellant had also issued to Harry W. Kingman, Jr., the husband of the respondent, a policy identical in terms and provisions with that held by Edgar U. Waters, and each provided under the pertinent portion of the Insuring Agreement, the following:

"D. Family Compensation. To pay, in accordance with the schedule below and subject to the execution and delivery of a complete release of the liability of the Company and all persons entitled to the protection of this policy under Coverage C(2), irrespective of such liability, to or for the benefit of:

"(1) Any person who suffers bodily injury, sickness, disease or death by reason of any accident arising out of the ownership, maintenance or use of the described automobile.

"(2) The Policyholder, and while residents of his household his spouse, and the relatives of either who by accident suffer bodily injury, sickness, disease or death; (a) by being struck by any other land motor vehicle; or (b) while in or upon entering or alighting from any land motor vehicle except one owned for more than thirty days by any person who is insured under this coverage D (2).

"Payments to or for the benefit of any one person made either under D(1) or D(2) above shall discharge all liability of the company for Family Compensation Insurance to that person under this or any other policy. There shall be no liability under this coverage to anyone who has

"(1) Failed to execute and deliver a complete release of the liability of the Company and the Insured within fifteen months of the date of the accident, or

"(2) Executed any other release of the liability of the Insured for such injury, sickness, disease or death, or

"(3) Filed suit for damages against the Insured for such injury, sickness, disease or death."

According to the Family Compensation schedule, which formed a part of each policy, an injured person was entitled to recover not exceeding Two Thousand ($2,000.00) Dollars for all reasonable expenses for medical, dental or surgical treatments, ambulance, hospital and prosthetic devices, caused by accident, and was also entitled to the sum of Five ($5.00) Dollars for each day, within one hundred and eighty days after the accident, for continuance and necessary confinement indoors due to the injury and while under the care of a licensed physician. Under the aforesaid schedule, the respondent was entitled to a total recovery of Two Thousand Three Hundred Twenty ($2,320.00) Dollars.

The respondent brought this action against the appellant and, in her complaint set forth three causes of action: (1) to recover the sum of Two Thousand Nine Hundred ($2,-900.00) Dollars under the policy of insurance issued by the appellant to Harry W. Kingman, Jr. for medical expenses and indemnity for confinement resulting from the automobile accident hereinbefore referred to; and (2) To recover the sum of Eight Hundred ($800.00) Dollars alleged to be the balance due to respondent on account of her injuries under the policy issued by the appellant to Edgar U. Waters; and (3) For alleged fraud and deceit in obtaining a release from the respondent under the policy issued to Edgar U. Waters.

The appellant, by its answer, to the first cause of action, admitted the execution and delivery of the policy in question but denied liability thereunder, upon the ground that under the provisions of the two policies heretofore referred to, the respondent was entitled to recover under only one, and having recovered under the policy issued to Edgar U. Waters, she could not recover under the policy issued to her husband. As to the second cause of action, the appellant admitted that it was indebted to the respondent in the sum of Seven Hundred Ninety-nine & 20/100 ($799.20) Dollars, being the

balance due on a total recovery of Two Thousand Three Hundred Twenty ($2,320.00) Dollars, which it tendered by its answer. As to the third cause of action, the appellant filed a general denial.

This case came on for trial before the Honorable W. H. Arnold, special presiding Judge, and a jury, at the November, 1961, term of the Court of Common Pleas for Richland County. On motion of the appellant, at the conclusion of all the testimony, the Trial Judge directed a verdict for the respondent, on the second cause of action, for the sum of Seven Hundred Ninety-nine & 20/100 ($799.20) Dollars, the evidence showing that the appellant, under· the policy issued to Edgar U. Waters, had already paid the respondent the sum of One Thousand Five Hundred Twenty & 80/100 ($1,- 520.80) Dollars, making a total recovery under said policy of Two Thousand Three Hundred Twenty ($2,320.00) Dollars. The appellant also made a motion for a directed verdict as to the first cause of action, on the ground that the only reasonable inference to be drawn from the testimony is that the respondent failed to show that she was entitled to recover under the policy issued to her husband, in that she had already filed a claim and accepted payment under the Waters policy, and that under the clear and unambiguous language of the Insuring Agreement in said policy, she had no right of recovery under the Kingman policy. This motion was refused. This cause of action was submitted to the jury and a verdict was returned in favor of the respondent in the sum of Two Thousand Three Hundred Twenty ($2,320.00) Dollars, which was the amount the respondent had already been paid or awarded under the Waters policy sued on in the second cause of action. Following the rendition of the aforesaid verdict, the appellant moved for ·judgment *non obstante veredicto,* and in the alternative for a new trial, upon the same ground submitted on its motion for direction of a verdict. This motion was refused. The motion of the appellant for a directed verdict in its favor, as to the third cause of action, was granted because the respondent had failed to prove any fraud or deceit on the part of the appellant.

The sole question raised by this appeal is whether or not the Trial Judge erred in refusing to grant the appellant's motion for direction of a verdict as to the first cause of action, and the motion for judgment *non obstante veredicto* made upon the ground that under the clear and unambiguous language of the two identical policies, the respondent could recover under only one policy and could not recover under both of them.

In considering the question here involved, we must do so in the light of the well settled rule that the terms of an insurance policy must be construed most liberally in favor of the insured and where the words of the policy are ambiguous, or where they are capable of two reasonable interpretations that construction will be adopted which is most favorable to the insured. However, in cases where there is no ambiguity, contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood in their plain, ordinary and popular sense. If the intention of the parties is clear, the Courts have no authority to change the contract in any particular and have no power to interpolate into the agreement between the insurer and the insured, a condition or stipulation not contemplated either by the law or by the contract between the parties. *Quinn v. State Farm Mut. Auto. Ins. Co.,* 238 S. C. 301, 120 S. E. (2d) 15; *Garrett v. Pilot Life Ins. Co.,* 241 S. C. 299, 128 S. E. (2d) 171. When the language of an insurance contract is free from ambiguity, its construction is for the Court. *Rhame v. Nat'l. Grange Mut. Ins. Co.,* 238 S. C. 539, 121 S. E. (2d) 94.

Insurers have the right to limit their liabilities and to impose whatever conditions they please on their obligations, provided they are not in contravention of some statutory inhibition or public policy. Accordingly, a clause in an insurance contract restricting liability or excluding coverage under certain conditions is valid. *Rhame v. Nat'l. Grange Mut. Ins. Co.,* 238 S. C. 539, 121 S. E. (2d) 94.

It is readily apparent from the terms of the identical policies of insurance here involved that the provisions thereof applied to the named insured and, likewise, to third parties, even though not named therein, who qualify for the benefits provided for in sections D(1) and D(2) of said policies. We have held in numerous cases that a contract between two persons, for the benefit of a third, even though such third party be not named therein, can be enforced by such third party. *Pharr v. Canal Ins. Co.,* 233 S. C. 266, 104 S. E. (2d) 394. However, where a third party elects to avail herself of a contract entered into between others for her benefit, she makes the contract her own, and must bear the burden as well as reap the benefits that properly belong to her as a party to the contract. Her rights depend upon and are measured by the terms of the contract. 81 A. L. R. 1292.

The motions of the appellant for a directed verdict and for judgment *non obstante veredicto* were refused by the Trial Judge on the ground that by the use of the words "family compensation" in the caption of section D, an ambiguity was created. The Trial Judge defined the term "family" to the jury and permitted the jury to determine the question of whether or not the acceptance of payment under one policy bars the respondent from recovery under the other. He further instructed the jury that they must decide whether or not the words "family compensation", as used in the policy, were intended by the parties to mean what we ordinarily think of as a family, or whether such words were merely descriptive of the type of money or compensation that was to be paid. He allowed the jury to determine what was the true significance as to the intention of the parties to the insuring contracts in the use of the word "family".

In the case of *Provident Life & Accident Ins. Co. v. Anderson,* 4 Cir., 166 F. (2d) 492, it was held that resort may be had to caption only to explain an ambiguity in operative part of life policy clause, not to create an ambiguity where none exists; and where recital or caption in an insurance policy is vague but the operative part is explicit, the operative part controls.

The language of the policies with which we are here concerned is explicit and, under section D(1) thereof, affords certain coverage for medical expense and confinement of any person who suffers bodily injury, sickness, disease or death, by reason of an accident arising out of the ownership, maintenance or use of the automobile described in the particular policy and, under section D(2), the same benefits are afforded the policyholder, his spouse and the relatives of either while they are residents of the policyholder's household. In our opinion, the aforesaid provisions of the insurance policies here in question are free from ambiguity, doubt or uncertainty, as to the coverage therein provided.

The respondent has collected under section D(1) of the policy issued by the appellant to Edgar U. Waters, her brother. She is now attempting to collect under section D(2) of her husband's policy. Each of the insurance contracts limits the appellant's obligation to respondent by providing that: "Payments to or for the benefit of any one person made either under D(1) or D(2) above shall discharge all liability of the company for Family Compensation Insurance to that person under this or any other policy." In our opinion, there is no ambiguity, doubt or uncertainty as to who is included or excluded under the "Family Compensation" provision of the policies. It is plainly stated that payment to any one under provision D(1) or D(2) discharges the appellant's liability to that person for "Family Compensation" insurance under the policy in question or any other policy. The expression "any other policy" logically and obviously means any other policy issued by the appellant. Since the respondent has already collected from the appellant under section D(1) of her brother's policy for her medical expense and confinement because of bodily injury sustained, she is excluded from collecting the same benefits under section D(2) of her husband's policy. The Trial Judge should have so held and granted the motion of the appellant for a directed verdict as to the first cause of action set forth in the complaint of the respondent. His failure so to do was error.

We conclude that the judgment of the lower Court should be reversed and this case remanded thereto for the purpose of entering judgment in favor of the appellant.

Reversed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.