18290

Bessie CARROWAY, Respondent, v. Elizabeth S. JOHNSON and National Surety Corporation, of whom National Surety Corporation is Appellant.

(189 S. E. (2d) 908)

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for Appellant,*

*Messrs. James P. Mozingo, III, D. Kenneth Baker* and *Thomas E. Smith, Jr.,* all of Darlington, *for Respondent,*

January 12, 1965.

Taylor, Chief Justice:

Bessie Carroway, plaintiff herein, instituted an action against Elizabeth S. Johnson for injuries arising out of an automobile collision. Said action resulted in judgment for plaintiff in the amount of $5,000.00 actual damages and $1,500.00 punitive damages. Defendant's insurer, National Surety Corporation, Appellant herein, declined to defend her in that action and refused to pay the judgment obtained, relying upon the employee exclusion clause of the policy.

This appeal arises out of an action by Bessie Carroway against Elizabeth S. Johnson and National Surety Corporation to recover the amount of the aforesaid judgment to-

gether with costs and interest. The jury in this case found for plaintiff and held National Surety Corporation liable.

Plaintiff introduced into the record her judgment against the insured over defendant's objection to so much thereof as related to punitive damages. Thereafter motions were made to strike out the claim for punitive damages and for a directed verdict as to such damages; these motions were denied. Upon conclusion of the trial, defendant moved for judgment n. o. v. as to the punitive damage portion of the verdict on the grounds the Complaint does not allege that defendant is liable for punitive damages and that the policy of insurance issued by defendant does not afford .coverage for punitive damages. Judge Morrison, by his Order of March 13, 1964, denied this motion, and the matter now comes before this Court on appeal from such Order.

In the complaint plaintiff sought to hold defendant liable for the entire amount of judgment she had secured against defendant's insured. The amount of the judgment, the Judgment Roll Number, and the date it was filed in the Office of the Clerk of Court for Florence County were fully set forth. No motion was made by defendant to make the pleadings more definite and certain or to strike any part thereof as provided for by Section 10-606, Code of Laws of South Carolina, 1962. The complaint appraised defendant of the nature and extent of the action including the amount plaintiff sought to recover including the amount of the verdict which related to punitive damages. Defendant's contention thereabout is, therefore, without merit.

The remaining question is whether or not punitive damages may be recovered by plaintiff under the policy issued to defendant's insured. By the terms of the policy defendant agrees "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: A. bodily injury * * * sustained by any person * * * arising out of the * * * use of the owned automobile or any non-owned automobile * * *." Defendant relies on the recent case of *Laird v. Nationwide Insurance Co.*, 243 S. C.

388, 134 S. E. (2d) 206, in which this Court held that the uninsured motorist law and a policy of insurance issued to conform therewith do not provide for payment of punitive damages arising out of a collision with an uninsured motorist.

Discussing the distinction between uninsured motorist coverage and a voluntary liability policy in the *Laird case,* this Court stated:

"It is required by Section 46-750.13 of the Code that a liability insurance policy must insure 'against loss from the liability imposed by law', while under the uninsured motorist coverage [Section 46-750.14] which appears on said policy by endorsement, is for the benefit of the insured, and those qualifying as such, and does not insure 'against liability imposed by law', but does obligate the insurer to pay the insured 'all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle.' Clearly, the legislature, by using this differing language, recognized the distinction between liability coverage and the uninsured motorist endorsement."

The question here involved must be considered in the light of the well settled rule that the terms of an insurance policy must be construed most liberally in favor of the insured and where the words of the policy are ambiguous, or where they are capable of two reasonable interpretations, that construction will be adopted which is most favorable to the insured. However, in cases where there is no ambiguity, contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood in their plain, ordinary and popular sense. If the intention of the parties is clear, the Courts have no authority to change the contract in any particular and have no power to interpolate into the agreement between the insurer and the insured, a condition or stipulation not contemplated either by the law or by the contract between the parties. *Quinn v. State Farm Mut. Auto Ins. Co.,* 238 S. C. 301, 120 S. E. (2d) 15; *Garrett v. Pilot Life Ins. Co.,* 241 S. C. 299, 128 S. E. (2d) 171. When the language

of an insurance contract is free from ambiguity, its construction is for the Court. *Rhame v. National Grange Mut. Ins. Co.,* 238 S. C. 539, 121 S. E. (2d) 94.

"Insurers have the right to limit their liabilities and to impose whatever conditions they please on their obligations, provided they are not in contravention of some statutory inhibition or public policy. Accordingly, a clause in an insurance contract restricting liability or excluding coverage under certain conditions is valid. *Rhame v. Nat'l. Grange Mut. Ins. Co.,* 238 S. C. 539, 121 S. E. (2d) 94." *Kingman v. Nationwide Mutual Ins. Co.,* 243 S. C. 405, 134 S. E. (2d) 217.

The policy here is a voluntary policy and defendant ■ agreed to pay "all sums" which the insured "shall become legally obligated to pay as damages" because of bodily injury. The punitive damage award is a sum which the insured is legally obligated to pay as damages. However, the question remains: Are punitive damages, "damages because of bodily injury?" Punitive damages have been held to be in the nature of punishment as to the wrongdoer and as a warning and example to deter the wrongdoer and others from committing like offenses in the future. *Bowers v. Charleston & W. C. Ry. Co.,* 210 S. C. 367, 42 S. E. (2d) 705. In order to sustain a verdict for punitive damages there must·be an award for actual damages. *Cook v. Atlantic Coast Line R. Co.,* 183 S. C. 279, 190 S. E. 923.

"Liability policies have been held to cover punitive, as well as compensatory, damages." Vol. 8, Appleman Insurance Law and Practice, Section 4900, p. 367. In *Ohio Casualty Ins. Co. v. Welfare Finance Co.,* 8 Cir., 75 F. (2d) 58, it was held that the assessment of punitive damages was a liability imposed by law upon the insured in connection with and because of bodily injuries and the aggravated conduct in causing such injuries.

Appleman, in Section 4312, at pp. 132 and 133, deals with this question as follows: "However it is clear that the average insured contemplates protection against claims of any character caused by his operation of an automobile, not in-

tentionally inflicted. * * * With this view the majority of courts have agreed, and have imposed liability upon the insurer even though the recovery was based upon wilful or wanton conduct, or even though the verdict may have included punitive damages." See *American Fidelity and Casualty Co. v. Weefel,* 230 Ala. 552, 162 So. 103; *Penn. Threshermen & Farmers' Mut. Cas. Ins. Co. v. Thornton,* C. A. 4, 244 F. (2d) 823.

The policy under consideration did not limit recovery to actual or compensatory damages. The language of the policy here is sufficiently broad enough to cover liability for punitive damages as such damages are included in the "sums" which the insured is legally obligated to pay as damages because of bodily injury within the meaning of the policy.

For the foregoing reasons, we are of opinion that all exceptions should be dismissed and the judgment and Order appealed from affirmed; and it is so ordered.

Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.