18376

**AMERICAN FIRE AND CASUALTY COMPANY, Respondent, v. The SURETY INDEMNITY COMPANY, Appellant**

(143 S. E. (2d) 371)

*Messrs. McDonald & Cox,* of Greenville, *for Appellant,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Respondent,*

.

July 8, 1965.

LEWIS, Justice.

The question for determination in this appeal is whether an automobile, while driven by a garage keeper, as an accommodation to the owner, from the owner's place of business to the garage keeper's shop for repairs, was being "used in the automobile business" within the meaning of the following policy exclusion:

"*Exclusions:* This policy does not apply under Part 1:

\* \* \*

"(g) to an owned automobile while used in the automobile business, but this exclusion does not apply to the named insured, a resident of the same household as the named insured, a partnership in which the named insured or such resident is a partner, or any partner, agent or employee of the named insured, such resident or partnership."

Under Part 1 of the policy, the term "automobile business" is defined as follows:

"'*Automobile business*' means the business or occupation of selling, repairing, servicing, storing or parking automobiles."

The defendant, Surety Indemnity Company, issued to Mr. Arthur Delaney an automobile liability insurance policy which contained the above exclusion clause. On January 24, 1964, Delaney carried his automobile to Mr. E. E. Jeter, who operated a local automobile repair shop, for the purpose of having any needed repairs done to it. In order that Delaney could get to his work, Jeter agreed, as an accommodation to Delaney and contrary to his custom in such cases, to ride with Delaney to his place of business and return the automobile to the shop so that the repairs could be made. While driving the Delaney automobile back to his garage, Jeter was involved in a collision, as a result of which one claim

for damages has been asserted against Jeter and others are possible.

At the time of the collision, Jeter had in force a garage liability policy issued to him by the plaintiff, American Fire and Casualty Company; and Delaney, the owner of the car involved, had in force the above mentioned automobile liability policy issued to him by the defendant, Surety Indemnity Company. In handling the claims against Jeter arising out of his operation of the Delaney automobile, the plaintiff and the defendant disagreed as to the coverage afforded Jeter by their respective policies. As a result, the plaintiff instituted this declaratory judgment action to have the issue decided; and the matter was submitted to the lower court for determination under a stipulation in which the foregoing facts were agreed upon by the parties.

Under the stipulation, the question of whether coverage was afforded Jeter under the garage liability policy issued to him by the plaintiff is not in issue; nor is any issue involved between the parties as to primary or secondary coverage. In order to protect the interest of Jeter, the only claim which had been filed against him was settled by the plaintiff and the defendant for the sum of $1,500.00, each paying one-half thereof under an agreement that the policy issued by the unsuccessful party in this litigation would provide primary coverage for Jeter up to the limits of that policy and that such party would reimburse the other for the amount paid by it in the settlement of said claim.

The parties have stipulated that "the only issue before this court" is whether or not the policy issued by the defendant to Delaney, the owner of the automobile, afforded coverage to Jeter, the garage keeper, while the latter was driving the vehicle to his garage for the purpose of repairing it. This question is resolved by a determination of whether the Delaney automobile was being used by Jeter at the time of the collision "in the automobile business" within the meaning of the above quoted Exclusion (g) of the policy

issued by the defendant; for, admittedly, Jeter was an insured under that policy unless his use of the vehicle fell within such exclusion. The lower court concluded that Jeter was not using the Delaney automobile "in the automobile business" at the time of the collision, and that the defendant's policy afforded coverage to Jeter. The defendant has appealed from the judgment so entered.

While we have not had occasion to construe the present policy provision, it has been the subject of litigation in other jurisdictions. *Hammer v. Malkerson Motors, Inc.,* 269 Minn. 563, 132 N. W. (2d) 174; *Case v. Fidelity and Casualty Co. of New York,* 105 N. H. 422, 201 A. (2d) 897; *Goforth v. Allstate Ins. Co.,* D. C., 220 F. Supp. 616 Affirmed 4 Cir., 327 F. (2d) 63; *LeFelt v. Nasarow,* 71 N. J. Super. 538, 177 A. (2d) 315, Affirmed 76 N. J. Super. 576, 185 A. (2d) 217; *McCree v. Jenning,* 55 Wash. (2d) 725, 349 P. (2d) 1071. See: 7 Appleman, Insurance Law and Practice, Section 4372 (1965 Pocket Part); 7 Am. Jur. (2d), Automobile Insurance, Section 32, These authorities sustain the view that ordinarily an automobile being driven from the place of business of the owner by a garage keeper to his garage for the purpose of making repairs requested by the owner is not being "used in the automobile business" within the meaning of the present exclusion clause.

The foregoing cases point out that an exclusionary clause of the type here involved refers to the use being made of the automobile and not to the occupation of the driver. The mere fact that the automobile is being driven at the time by one engaged in the automobile business is not conclusive. The use to which the vehicle is being put is the determining factor.

We are, therefore, primarily concerned with the application of the clause "used in the automobile business." The policy provides that "automobile business means the business or occupation of selling, repairing, servicing, storing or parking automobiles." To constitute

such use, the vehicle must be employed for some purpose in connection with that business as defined. Whether an automobile is so used is an issue of fact, which must be determined with regard to the nature of the particular business and the circumstances surrounding the use at the time.

Since this is an action at law, the findings of fact by the trial judge have the force and effect of a jury verdict, and are conclusive upon appeal when supported by competent evidence. *Garrett v. Pilot Life Ins. Co.,* 241 S. C. 299, 128 S. E. (2d) 171.

Jeter was engaged in the business of repairing automobiles and, at the request of the owner, was driving the car to the garage for the purpose of making needed repairs. The record shows that it was not customary for Jeter to transport cars to his place of business for repairs, and such was being done in this case solely as an accommodation to the owner. These facts clearly sustain the finding of the lower court that the car in question was not being used in the automobile business at the time of the collision, and hence the policy issued by the defendant afforded coverage to Jeter.

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.