John **HEATON** and Cora Lee Ward, Plaintiffs,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 67–465.**

United States District Court
D. South Carolina,
Greenville Division.

Jan. 10, 1968.

726

---

C. Ben Bowen, James H. Watson, Leatherwood, Walker, Todd & Mann, Greenville, S. C., for plaintiffs.

David L. Freeman, William W. Kehl, Wyche, Burgess, Freeman & Parham, Greenville, S. C., for defendant.

## OPINION AND ORDER

DONALD RUSSELL, District Judge.

While moving a customer's car in connection with his duties as an employee of a public parking lot in Greenville, South Carolina, the plaintiff Heaton negligently backed into and struck his co-plaintiff, a customer of the parking lot. As a result of such accident, plaintiff Cora Lee Ward sued her co-plaintiff Heaton, who thereupon called upon his liability insurer to defend the action under the provisions of the "omnibus clause" of his policy, extending coverage to the operation of a non-owned automobile. Asserting that the accident fell within the exclusion provisions of its "omnibus" coverage, the defendant-insurer refused to defend. The action proceeded to trial and resulted in a verdict for the plaintiff Ward against her co-plaintiff Heaton. This suit was then commenced by the insured Heaton and his judgment-creditor to recover

under the policy the amount of the judgment secured by Ward against her co-plaintiff.

After suit was instituted herein, plaintiff Heaton was deposed. On the basis of his deposition, the defendant-insurer has moved for summary judgment. In making such motion, it contends that the testimony of Heaton shows indisputably that the accident, on account of which the judgment herein was recovered, was specifically and validly excluded from the coverage of defendant's liability policy.[1] If such contention is sound, the motion should be granted. Whether it is turns on the proper construction of the contract of insurance.

The policy issued to Heaton by the defendant contained the following exclusion provision:

"INSURING AGREEMENT II DOES NOT APPLY: * * * to any accident arising out of the operation of an automobile business."

The policy defines "automobile business" as: "Automobile Business—means the business of selling, repairing, servicing, storing or parking of automobiles."

There is no issue of fact that the accident herein occurred while the plaintiff was engaged as an employee of a public parking lot in moving a car of one of the customers of the parking lot in order to enable his co-plaintiff, also a customer of the parking lot, to remove her car. It is equally undisputed that this was a normal part of the plaintiff Heaton's duties; and, in order to permit him or other employees of the parking lot to perform such duty, all patrons of the parking lot were required to leave their keys in their cars when parking.

Even though contracts of insurance are to be strictly construed against the insurer[2] and ambiguities

---

[1] For the reasoning behind the standard use of exclusion provisions in connection with liability coverage of non-owned automobiles, see 18 S.C.L.Q. 68–9.

[2] Harleysville Mut. Cas. Co. v. Nationwide Mut. Ins. Co. (1966) 248 S.C. 398, 401,

150 S.E.2d 233; Thomason v. Abbev. Greenw. Mut. Ins. Assn. (1932) 166 S.C. 385, 388–389, 164 S.E. 898; Preferred Risk Mutual Insurance Company v. Thomas (C.C.A.4 1967) 372 F.2d 227, 231, note 3; Export Leaf Tobacco Co. v. American Insurance Co. (C.C.A.4 1958)

in the contract are to be resolved in favor of the insured,[3] this does not mean that plain language is not to be given its plain meaning [4] or that Courts may rewrite such contracts so as to nullify exclusions clearly expressed.[5] It is the duty of Courts, not to write contracts, but to enforce them, giving their language its "plain, ordinary and popular sense".[6] In this case, the plain language of the contract clearly excluded the accident on account of which the plaintiff Ward recovered her judgment. The Court is obliged to give recognition to, and enforce, such exclusion. The accident giving rise to the action between the plaintiffs certainly was one "arising out of the operation of" the business "of storing or parking of automobiles". Pennsylvania T. & F. M. Cas. Ins. Co. v. Travelers Ins. Co. (1963) 233 Md. 205, 196 A.2d 76, 79; Bendykowski v. Hall Chevrolet Co. (1960) 10 Wis.2d 579, 103 N.W.2d 516, 518; Allen v. Travelers Indemnity Co. (1936) 108 Vt. 317, 187 A. 512, 514.

Plaintiffs urge, however, that under the ruling in American Fire & Cas. Co. v. Surety Indem. Co. (1965) 246 S.C. 220, 143 S.E.2d 371, the language of the exclusionary clause is ambiguous and that it is "an issue of fact, which must be determined with regard to the nature of the particular business and the circumstances surrounding the use at the time" of the non-owned car whether such provisions covered the accident in question. (246 S.C. at p. 225, 143 S.E.2d at p. 373) This argument overlooks the significant difference in phraseology between the exclusionary clause in the cited case and that in the present case. In the cited case, the exclusion applied to an "automobile while *used* in the automobile business"[7] (italics added). The exclusionary clause herein, on the other hand, embraces "any accident *arising out of the operation of an automobile business*" (italics added). The obvious difference in the two key phrases (i. e., "used in the automobile business" and "arising out of the operation of an automobile business") is marked out precisely in Wilks v. Allstate Insurance Company (1965) La.App., 177 So.2d 790, 792–794. In the cited case, the exclusion relates to the use to which the automobile was put, i. e., was it being *"used"* in the automobile business? Was it being "employed" for some purpose in connection with that business? See, Goforth v. Allstate Insurance Co.,

260 P.2d 839, 845; Provident Life & Acc. Ins. Co. v. Anderson (C.C.A.4 1948) 166 F.2d 492, 494, cert. denied 334 U.S. 846, 68 S.Ct. 1514, 92 L.Ed. 1769.

3. Glisson v. State Farm Mut. Auto. Ins. Co. (1965) 246 S.C. 76, 81–82, 142 S.E. 2d 447; Fowle v. Martin (D.C.S.C.1967) 264 F.Supp. 363, 369; Hall v. State Farm Mutual Automobile Ins. Co. (D.C.S.C. 1966) 268 F.Supp. 995, 998; Jersey Ins. Co. of N. Y. v. Heffron (D.C.S.C.1957) 144 F.Supp. 5, aff. 242 F.2d 136 (C.C.A.4, 1957).

4. Bevans v. Liberty Mutual Insurance Co. (C.C.A.4 1966) 356 F.2d 577, 581; First National Bank of South Carolina of Columbia v. Glens Falls Ins. Co. (C.C.A.4 1962) 304 F.2d 866, 869; Grantham v. United States Fidelity & Guaranty Co. (1964) 245 S.C. 144, 149, 139 S.E.2d 744; Hill v. Woodmen of the World Life Ins. Society (1965) 246 S.C. 133, 139, 142 S.E.2d 869; Johnson v. Wabash Life Ins. Co. (1964) 244 S.C. 95, 99, 135 S.E. 2d 620.

5. Blanton v. Nationwide Mutual Ins. Co. (1966) 247 S.C. 148, 152, 146 S.E.2d 156; Carroway v. Johnson (1965) 245 S.C. 200, 203, 139 S.E.2d 908.

6. Kingman v. Nationwide Mutual Ins. Co. (1964) 243 S.C. 405, 411, 134 S.E.2d 217; Eureka-Security Fire & Marine Ins. Co. v. Maxwell (C.C.A.4 1960) 276 F.2d 132, 135; Davis v. Fidelity Mut. Life Ins. Co. (C.C.A.4 1939) 107 F.2d 150, 151; Commercial Ins. Co. of Newark, N. J. v. Gardner (D.C.S.C.1964) 233 F.Supp. 884, 888.

7. This same language was involved in Goforth v. Allstate Insurance Company (D.C.N.C.1963) 220 F.Supp. 616, aff. 4 Cir., 327 F.2d 637, and the same conclusion as in the American Fire & Cas. Co. v. Surety Indem. Co. Case was reached. To the contrary are, Sanders v. Liberty Mutual Insurance Company (C.C.A.5 1965) 354 F.2d 777 (following Alabama law); and Universal Underwriters Insurance Co. v. Strohkorb (1964) 205 Va. 472, 137 S.E.2d 913.

supra, 220 F.Supp. at pp. 619–620; Chavers v. St. Paul Fire & Marine Ins. Co. (D.C.Ohio 1960) 188 F.Supp. 39, 42, aff. 6 Cir., 295 F.2d 812; McCree v. Jenning (1960) 55 Wash.2d 725, 349 P.2d 1071, 1072. In the present case, the exclusion relates to the business or occupation of the person using the car. See, Hammer v. Malkerson Motors, Inc. (1964) 269 Minn. 563, 132 N.W.2d 174, 176; LeFelt v. Nasarow (1962) 71 N.J.Super. 538, 177 A.2d 315, 322.

Many courts have recognized the patent difference in the two phrases. For many years, the standard provision was that included in the policy involved in this action; it excluded coverage for any accident "arising out of the operation of an automobile business". Faude, The New Standard Automobile Policy: Coverage (Insuring Agreements and Exclusions), 393 Ins.L.J. 647, 648; Commercial Standard Ins. Co. v. Sanders (1959) (Tex.Civ.App.) 326 S.W.2d 298, 300. The exclusion provision involved in the *American Fire & Cas. Ins. Co.* Case, however, represents "a comparatively new one in automobile insurance" and, in making such change in language from the older standard provision, "it was the intention of the insurer to broaden the coverage, not to restrict it". Hammer v. Malkerson Motors, Inc., supra, 132 N.W.2d pp. 176, 179. Cases construing the broader language (i. e., being *"used* in the automobile business"*) are accordingly not apposite in construing the phraseology in the instant insurance policy.

■ Finally, the plaintiffs assert that, even though this accident may have fallen within the exclusionary clause of the policy, that exclusion itself is void because of conflict with Section 46–750.-31, Code of Laws of South Carolina, 1962. The section upon which plaintiffs rely defines the term "insured"

but it is Section 46–750.32, which purports to set forth the essential terms of the liability contract as far as they are imposed by the Motor Vehicle Safety Responsibility Act It it this latter section which largely proscribes—if there be a proscription in the law—the exclusion upon which the defendant bases its defense.

There is much force and cogency in the argument of the plaintiffs. Certainly, the purpose of the South Carolina Motor Vehicle Safety Responsibility Act is to afford greater protection to those injured through the negligent operation of automobiles in this State.[8] Whether, however, by such enactment, it was intended to inhibit any policy exclusions based on use or circumstances at time of accident is not clearly spelt out and must be resolved by a construction of the Act itself. In resolving such issue, this Court is bound by the decisions of the South Carolina Courts. Such authorities seem to support the view that reasonable exclusionary clauses in a motor liability policy do not conflict with the purposes and applicability of the Act.

The sections of the Act relied on by the plaintiffs were formerly applicable solely to uninsured motorist coverage and were only extended to all automobile liability policies by the amendment of 1963. Pacific Ins. Co. of N. Y. v. Fireman's Fund Ins. Co. (1966) 247 S.C. 282, 286–287, 147 S.E.2d 273. As originally enacted, they were authoritatively construed in Stanley v. Reserve Ins. Co. (1961) 238 S.C. 533, 121 S.E.2d 10, which involved a policy issued under the uninsured motorist legislation at the time. There, the Court said (p. 538, 121 S.E.2d p. 12):

"The contention of the respondent is, in effect, that the foregoing Act requires an insurance policy subject to its provisions to afford protection to the owner irrespective of the use made

8. See, dissenting opinion in Fleming et al. v. Nationwide Mut. Ins. Co. (C.C.A.4 1967) 383 F.2d 145, describing such liability contracts as contracts for the benefit of third parties. Whether like reason-

ing applies to non-owned cars, wh'ch presumptively are covered by policies of their own under the Act, is, however, not so clear.

of the insured vehicle or the circumstances. Certainly, the effect of sustaining the position of respondent would be to so hold. We are of the opinion that there is no provision of the Act justifying such conclusion.

"* * There is no provision which, either expressly or by implication, requires that such a policy must insure against any and all liability, regardless of the circumstances. * *"

It would seem to follow that a like construction should be given these sections of the uninsured motorist legislation, when those sections are incorporated by the amendment of 1963 into the Motor Vehicle Safety Responsibility Act and made applicable to all car liability insurance policies. If such construction is given the sections relied on by the plaintiffs, it would appear that the exclusion clause is valid and does not conflict with the terms of the Motor Vehicle Safety Responsibility Act.[9]

This conclusion is reinforced by American Fire & Cas. Co. v. Surety Indem. Co., supra. That case was decided after the amendment of 1963. Counsel for the insured there relied on the very cases cited here for the contention that the exclusion provision involved therein was invalid because of conflict with the provisions of the Motor Vehicle Safety Responsibility Act.[10] The Lower Court, feeling itself bound by the Stanley Case, supra, overruled the contention. On appeal, the Court proceeded to treat the exclusion provision as valid despite Section 46–750.32 and its decision turned on whether the accident in question fell within the policy exclusion. It held that it was a question of fact whether such accident so fell. If the Court had felt that the exclusion provision violated Section 46–750.32, it would have been unnecessary for the Court to have construed the language of

the exclusion provision or to have sustained a finding of fact on the meaning and scope of the provision.

Under these circumstances, despite the persuasiveness of able counsel's argument, I feel constrained to hold that there is no statutory inhibition against the exclusionary clause on which the defendant relies.

Accordingly, defendant's motion for summary judgment is granted, and

It is so ordered.

9. Cf., also, Booth v. American Casualty Company (C.C.A.4 1958) 261 F.2d 389, 392: "Consideration of the Act (i. e., the earlier legislation) in its entirety discloses that it does not require that an insurance policy issued under the assigned risk

plan must cover all risks under any and all circumstances."

10. See, pp. 221–222, summary of Respondent's Brief, 246 S.C.; pp. 24–30, Brief of Respondent.