**Kurt M. LeDOUX, Gabrielle LeDoux, and LeDoux & LeDoux, Attorneys at Law, Plaintiffs,**

v.

**CONTINENTAL INSURANCE COMPANY, INC., a California corporation, Defendant.**

**No. A 86–518 Civ.**

United States District Court, D. Alaska, Civil Division.

Aug. 3, 1987.

Kurt M. LeDoux, LeDoux & LeDoux, Kodiak, Alaska, for plaintiffs.

Marc D. Bond, Delaney, Wiles, Hayes, Reitman & Brubaker, Inc., Anchorage, Alaska, for defendant.

## OPINION

BOOCHEVER, Circuit Judge [*]

As the result of an automobile collision, the Van Scoyks sued Kurt LeDoux, Gabrielle LeDoux and the LeDoux & LeDoux partnership. The Van Scoyks contend that Kurt LeDoux failed to keep a proper lookout, yield the right of way, stop at a stop sign, keep his automobile under reasonable control, and that he was speeding. They seek punitive damages contending that the conduct was "outrageous, of reckless indifference ... and demonstrated gross negligence."

The LeDouxs seek a declaratory judgment that the policy issued to them by Continental Insurance Company would cover an amount of punitive damages for gross negligence. This court has jurisdiction on the basis of diversity of citizenship. 28 U.S.C. § 1332.

The LeDouxs rely on *Providence Washington Ins. Co. v. City of Valdez*, 684 P.2d 861 (Alaska 1984), in which the Alaska Supreme Court held that public policy considerations would not bar insurance coverage for punitive damages awarded against a governmental entity or on the basis of vica-

rious liability. *Id.* at 863. While this decision illuminates some of the supreme court's concerns on this issue, it is not dispositive. This case involves individuals, one of whom is alleged to be directly rather than vicariously liable for the accident, and a partnership of individuals. The court must therefore determine whether, under Alaska law, the insurance policy covers liability for punitive awards, and if so, whether the coverage should be void as against public policy.

The insurance policy states:

> We will pay any amount up to your LIMIT OF COVERAGE for which a *Covered Person* becomes legally liable as a result of *bodily injury* or *property damage* that is caused by an accident.... We will not cover *bodily injury* or *property damage* that is expected or intended by a *Covered Person.*

Policy at 20 (emphasis in original).

The insurer contends that punitive damages are in excess of actual loss and thus are not amounts for bodily injury or property damage. In the *Providence Washington* decision the Alaska Supreme Court held that a similar provision in a policy covered punitive damages.

> In our opinion these provisions are unambiguous. Providence's stated obligation to pay includes "all sums". Punitive damages, where reduced to judgment, constitute a "sum" that the insured is obligated to pay as a result of its wrongful eviction. Under the terms of the policy Providence has not specifically excluded punitive damages. We therefore conclude that the liability policy Providence issued to Valdez provides coverage for punitive damages.

684 P.2d at 863 (footnote omitted). Similarly the LeDoux policy provided for payment of "any amount" that the insured "becomes legally liable as a result of bodily injury or property damage that is caused by accident." Just as punitive damages were held to be sums that the insured was obligated to pay as a result of the wrongful

[*] Hon. Robert Boochever, United States Court of Appeals for the Ninth Circuit, sitting by designa-
tion.

eviction in *Providence Washington,* they are amounts that the LeDouxs could be obligated to pay as a result of the bodily injuries and property damage caused by the accident with the Van Scoyks.

The policy excepts injury "that is expected or intended" by the insured. Here there is no allegation that Kurt LeDoux expected or intended to injure the Van Scoyks. If Continental wished to exclude all coverage for punitive damages it would have been a simple matter to express that intention. At best the clause is ambiguous, and Alaska, like the vast majority of jurisdictions, construes an ambiguous provision against the insurer. *Hahn v. Alaska Title Guaranty Co.,* 557 P.2d 143, 144–45 (Alaska 1976).

Our decision is also in accord with majority of jurisdictions that have interpreted similar clauses. *See Dayton Hudson Corp. v. American Mutual Liability Ins. Co.,* 621 P.2d 1155, 1157 (Okla.1980) (citing cases from many jurisdictions); 1 J. Ghiardi & J. Kircher, *Punitive Damages* §§ 7.03–7.06, 7.27–7.28 (1985 & Supp.1986) (hereinafter *Punitive Damages* ); *see, e.g., General Casualty Co. of America v. Woodby,* 238 F.2d 452 (6th Cir.1956); *Southern Farm Bureau Casualty Ins. Co. v. Daniel,* 246 Ark. 849, 440 S.W.2d 582 (1969); *Mazza v. Medical Mutual Ins. Co. of North Carolina,* 311 N.C. 621, 319 S.E.2d 217 (1984); *Harrell v. Travelers Indemnity Co.,* 279 Or. 199, 567 P.2d 1013 (1977); *Carroway v. Johnson,* 245 S.C. 200, 139 S.E.2d 908 (1965); *Hensley v. Erie Ins. Co.,* 168 W.Va. 172, 283 S.E.2d 227 (1981).

Even if the language of the policy is construed so as to provide coverage for punitive awards, Continental argues that the coverage should be void as against public policy. The purpose of punitive damages are punishment and deterrence. *Sturm, Ruger & Co. Inc. v. Day,* 594 P.2d 38, 47 (Alaska 1979), *modified on rehearing,* 615 P.2d 621 (Alaska 1980), *further modified on rehearing,* 627 P.2d 204 (Alaska), *cert. denied,* 454 U.S. 894, 102 S.Ct. 391, 70 L.Ed.2d 209 (1981). The insurance company contends that to permit coverage vitiates the punitive and deterrent force of such awards. There are, however, collateral consequences of punitive damage awards that still further these objectives. Such an award carries with it a degree of opprobrium, affects the ability of the insured to obtain automobile liability insurance, and is apt to increase the rates tortfeasors are charged for insurance in the future.

The frequency of claims for punitive damages is increasing. *Punitive Damages* § 7.01. In the absence of a provision excluding punitive damages the insurance company is receiving premiums to cover these claims. Contracts should be enforced unless there is a strong public policy to the contrary. *See Lazenby v. Universal Underwriters Ins. Co.,* 214 Tenn. 639, 383 S.W.2d 1 (1964). The policy of preventing insurance companies from receiving premiums and then failing to pay in accordance with their obligations and the insured's expectations offsets any policy to further the punitive and deterrent effects of punitive damages in cases involving unintentional torts. I realize that many of the reasons offered for coverage are also arguments against awards of punitive damages for unintentional torts involving motor vehicles. I conclude, however, that the public interests served by imposing punitive damages in these cases is not sufficiently strong to justify voiding the contract rights of the insured and thereby giving a windfall to the insurer. *See Skyline Harvestore Systems, Inc. v. Centennial Ins. Co.,* 331 N.W.2d 106, 109 (Iowa 1983).

Moreover, there is a fine line between negligence and conduct alleged to be "outrageous, of reckless indifference ... and demonstrat[ive of] gross negligence." The difference can well depend upon the particular makeup of a jury. In the absence of a defendant intending or expecting to injure another or to damage property, the public policy favoring punishment and deterrence is not sufficiently strong to justify nullification of contractual rights. Another question would be presented if Alaska's legislature were to declare such insurance provisions invalid. But the legislature of this state has not even enacted a provision, as California has, that bars recovery from an

insurer for intentional harm caused by an insured. *See* Cal.Ins.Code § 533 (West 1987).

The majority of courts that have addressed this issue find that coverage of punitive awards for unintentional torts does not violate public policy. *See Punitive Damages* §§ 7.11–7.14, 7.29–7.30; *see generally* Annotation, *Liability Insurance Coverage as Extending to Liability for Punitive or Exemplary Damages,* 16 A.L.R. 4th 11, 27–38; *see, e.g., Price v. Hartford Accident & Indemnity Co.,* 108 Ariz. 485, 502 P.2d 522 (1972); *Anthony v. Frith,* 394 So.2d 867 (Miss.1981); *Harrell,* 279 Or. 199, 567 P.2d 1013 (1977); *Lazenby,* 214 Tenn. 639, 383 S.W.2d 1; *Hensley,* 168 W.Va. 172, 283 S.E.2d 227.

The LeDouxs' motion for summary judgment is granted; Continental's cross motion is denied.