**James Eugene LAVENDER, Individually and as Administrator of the Estate of Rodney Wade Lavender, Deceased, Plaintiff-Appellee,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a company, Defendant-Appellant.**

No. 86–7770.

United States Court of Appeals, Eleventh Circuit.

Oct. 5, 1987.

Robert C. Black, Hill, Hill, Carter, Franco, Cole & Black, Montgomery, Ala., for defendant-appellant.

Joel E. Dillard, Baxley, Dillard & Dauphin, Birmingham, Ala., for plaintiff-appellee.

Before RONEY, Chief Judge, FAY, Circuit Judge, ATKINS[*], Senior District Judge.

PER CURIAM:

In this case, we decide that where an insured motorist is entitled to punitive damages from an underinsured motorist, punitive damages may be awarded against the carrier providing the insured motorist with uninsured motorist coverage. We affirm the judgment for punitive damages against State Farm Mutual Automobile In-

---

[*] Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

surance Company entered by the district court.

James Lavender was in an automobile accident with an underinsured motorist. It is conceded on this appeal that the trial court was not clearly erroneous in finding that Lavender is entitled to punitive damages against the underinsured motorist. State Farm insured Lavender pursuant to an Alabama statute which requires that:

> [n]o automobile liability or motor vehicle liability policy ... shall be delivered or issued for delivery in this state ... unless coverage is provided therein or supplemental thereto ... for the protection of persons insured thereunder who are *legally entitled to recover damages* from owners or operators of *uninsured motor vehicles* because of bodily injury ... (emphasis supplied).

Ala.Code § 32–7–23(a) (Supp.1986).

The term "uninsured motor vehicle" includes motor vehicles with respect to which:

> 'the sum of the limits of liability under all bodily injury liability bonds and insurance policies available to an injured person after an accident is less than the damages which an injured person is *legally entitled to recover.'* (Emphasis supplied)

Ala.Code § 32–7–23(b)(4) (Supp.1986).

This statute clearly requires State Farm to be liable to its insured for all damages that its insured is "legally entitled to recover" from the underinsured motorist. It is conceded that Lavender is legally entitled to recover punitive damages against the underinsured motorist.

State Farm relies on *State Farm Mutual Automobile Insurance v. Daughdrill*, 474 So.2d 1048 (Miss.1985). This case interpreted the underinsured motorist statute of Mississippi, which differs measurably from the Alabama statute. Mississippi's statute requires the carrier providing its insured with uninsured motorist coverage:

> ... to pay the insured: all sums which he shall be legally entitled to recover as *damages for bodily injury or death* from the owner or operator of an uninsured motor vehicle. ...

Miss.Code Ann. § 83–11–101 (Supp.1982) (Emphasis added).

The court in *Daughdrill* emphasized the restriction of damages for bodily injury or death. The Alabama statute does not contain such a restriction. Other cases which have held under other state statutes that the carrier providing its insured with uninsured motorist coverage is liable for all legal damages an insured claimant is entitled to recover are: *Home Indemnity Co. v. Tyler*, 522 S.W.2d 594 (Tex.Civ.App. 1975); *Carroway v. Johnson*, 245 S.C. 200, 139 S.E.2d 908 (1965); *Valley Forge Insurance Co. v. Jefferson*, 628 F.Supp. 502 (D.Del.1986); *Lipscombe v. Security Insurance Co. of Hartford*, 213 Va. 81, 189 S.E.2d 320 (1972); *Mullins v. Miller*, 683 S.W.2d 669 (Tenn.1984).

State Farm's argument that it should not be liable for punitive damages in this case because the purpose of awarding punitive damages is to punish a wrongdoer, and State Farm has done no wrong, is disingenuous. State Farm readily admits that as a liability carrier, it would be liable for punitive damages against its insured even though the insurance company itself would have done no wrong. The argument that punitive damages are not recoverable in a breach of contract action is frivolous when the contract which is being sued upon provides that punitive damages will be paid. The effect of the Alabama statute is to require State Farm's contract to include that agreement.

■ An alternative ground for this decision would be that this appeal is frivolous because this issue was never raised in the district court. When the district court entered the punitive damage award, no objection was made based on the argument made on this appeal, nor was the district court ever given an opportunity to decide the issues here presented. Therefore, the Court exercises its discretion under Fed.R. App.P. 38 and hereby awards double costs to the appellee.

AFFIRMED.

ATKINS, Senior District Judge, dissenting:

It is indeed unfortunate that the district court did not avail itself of the opportunity to certify this question to the Supreme Court of Alabama. Alabama is one of 31 states that permits federal district courts to certify unresolved state questions to the highest appellate court of that state. That procedure would have averted the necessity for this appeal in which we are called upon to decide an issue of law yet to be decided by the Supreme Court of Alabama. I would now certify this question to that court. For that reason and for the comity our federal system contemplates, I respectfully dissent.