## CROWLEY v. TRAVELERS INS. CO.
### No. 13742.

United States Court of Appeals
Fifth Circuit.

April 29, 1952.

Rehearing Denied May 29, 1952.

C. E. Coolidge, Houston, Tex., for appellant. ·

Thos. M. Phillips, Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Brought by the independent executrix of the insured who had taken his own life, the suit was on a policy of life insurance containing a suicide within two years clause.[1]

---

1. On the second page of the contract under the heading of "General Conditions", the following provision appears:

"Suicide—If the insured shall commit suicide while sane or insane within two years from date of issue of this contract the limit of recovery hereunder shall be the premiums paid".

and under the same heading the following provision appears:

"Date of Issue—the date of issue as used in this contract means the date on which this instrument is executed at Hartford, Connecticut."

On page 1 of the insurance contract the following appears just above the signature of Appellee's President:

"In witness whereof The Travelers Insurance Company has caused this instrument to be executed at Hartford, Connecticut, this 7th day of April, 1948."

Anticipating the suicide defense, plaintiff alleged: (1) that on page one of the policy, which was attached as an exhibit to the complaint, appeared,. "Contract Date Mar. 12, 1948, age 35"; (2) that deceased committed suicide on or about March 25, 1950, more than two years thereafter; (3) that, under item 27[2] of the application for insurance, which by the terms of the policy was made a part of it, the contract date, March 12th, and not the issue date of the policy, April 7th, must be taken as the controlling date from which to reckon.

Defendant, pointing to the express provision in the suicide clause that the two years runs from the date of issue, to April 7th, as the issue date of the policy, and to March 25th, as the admitted date of the suicide, moved for summary judgment.

Plaintiff, in reply, did not at all dispute defendant's claims: that the issue date of the policy was April 7th; that this was the date fixed in the policy for reckoning the suicide clause; and that the suicide occurred within two years thereof. Reasserting her claim, however, that the application fixed the contract date, March 12, 1948, as the beginning date of the two year period, and that the suicide, on March 25th, was not within two years from that date, plaintiff urged upon the district court: that the provision in the application being in conflict with that in the policy, and more favorable to the insured, it should control over the policy provision.

The district judge, in an unreported memorandum opinion, fully set out the applicable provisions of policy and application, including those set out in the notes, *supra,* and fully canvassed the contentions of the parties. Finding that there was neither conflict in the provisions of policy and application, nor ambiguity resulting therefrom, he found for defendant and gave judgment in accordance with the suicide clause.

Appealing from that judgment, plaintiff is here as appellant urging that the finding and judgment was wrong and may not stand.

▆▆▆ We do not think so. We agree with the district judge: that there is neither conflict nor ambiguity in the suicide provisions of application and policy; that in both provisions the issue date is named as controlling; and that, this being so, the rule of the more favorable construction in favor of assured, invoked by appellant, is without application here.

The contract as a whole sets up two dates having different purposes and effects. The Contract Date, set up in capitals wherever used, fixes the date on which the premiums are to be paid, describes the period for which the term insurance policy is effective, and is also material in connection with the conversion privilege of the policy.

The date of issue, the date issued, the issue date, serves the purpose of marking the time on, or from which, certain clauses in the policy, the incontestable clause, the suicide clause, begin to run.

The Contract Date, anterior to both the date of application and the date of issue, was placed in the contract at the request of the insured and for his benefit in the saving of premiums.

It thus appearing that the phrase, "the date of issue", "the date issued", serve one purpose, and the Contract Date quite another, all basis for the contention that there is a conflict or an ambiguity between application and contract falls, and the judgment is seen as a correct judgment in principle and well supported by authority. Davis v. Fidelity Mutual Life Ins. Co., 4 Cir., 107 F. 2d 150; Forrest v. Mutual Benefit Life Ins. Co., 275 App.Div. 939, 89 N.Y.S.2d 488.

The judgment is affirmed.

2. "27. I hereby agree for myself and for any person who may have or claim an interest in any contract which may be issued upon this application, as follows:
   A. That if proposed insured shall commit suicide while sane or insane, within two years from date' of the contract issued, the limit of recovery thereunder shall be the premiums paid. * * *"