NEW YORK LIFE INSURANCE COM-
PANY, a Corporation, Appellant,

v.

Laveda NOONAN, Appellee.

No. 13960.

United States Court of Appeals,
Ninth Circuit.

Sept. 24, 1954.

Rehearing Denied Oct. 26, 1954.

Davis, Jensen & Martin, Theodore B. Jensen, Donald W. McEwen, Portland, Or., for appellant.

Charles D. Dolph, Martin Schedler, Portland, Or., for appellee.

Before HEALY, POPE, and CHAMBERS, Circuit Judges.

HEALY, Circuit Judge.

This is a suit on a policy of life insurance. The contract contained a clause barring recovery of the principal sum if death by suicide should occur within a year of the issuance of the policy. The insured became a suicide. The trial court, deeming the contract to be ambiguous as regards the date on which the year began to run, resolved the ambiguity in favor of the beneficiary (appellee here) and accordingly gave judgment for the latter. The sole question on the Company's appeal is whether an ambiguity exists in the respect mentioned.

The application for the insurance was executed by the insured on June 15, 1951. For the obvious purpose of giving the insured the benefit of a lower premium rate based on his insurance age, the application asked in item 18 thereof that the policy be written to take effect March 14, 1951.[1] A further provision of the application reads: "It is mutually agreed that: If the Applicant shall have paid the soliciting agent in cash, * * *, an amount which equals the full first premium * * *, and if the Company shall receive evidence satisfactory to it that at the time of completion of this application the proposed Insured * * * was an acceptable risk for said policy * * *, the policy as applied for shall be deemed to be in effect as from the date specified in item 18 above as if it had been delivered."

In conformity with the application, the policy thereafter issued contained on its first page the following statement: "The anniversaries and insurance years of this Policy shall be determined from March 14, 1951, the date as of which this policy shall be deemed to take effect." Following this provision, and immediately preceding the signatures of the Company's authorized officers appears the clause: "In witness whereof the New York Life

[1] The application indicates that the insured became 52 years of age on September 15, 1950.

Insurance Company has caused this Policy to be executed on June 22, 1951, *which is its date of issue."* [Italics ours.] The suicide provision in question reads: "In event of suicide within one year *from the date of issue of this Policy,* whether the Insured be sane or insane, the insurance under this Policy shall be a sum equal to the premiums hereon which shall have been paid to and received by the Company and no more." [Italics ours.] The incontestability clause, so far as material, reads: "This Policy shall be incontestable after it has been in force during the lifetime of the Insured for one year from *its date of issue * * *."* [Italics ours.]

The insured's death by suicide occurred May 23, 1952. Appellant thereafter tendered to the beneficiary the premiums paid, with interest. The tender was rejected, and the beneficiary brought this suit for recovery of the face amount of the policy. As already indicated, the court, believing the provisions of the policy and the application therefor to be conflicting or ambiguous as to the controlling date, granted judgment for the beneficiary.

We are not able to agree that conflict or ambiguity exists. The entire contract is set out in the policy and the application, which latter was expressly made a part of the contract. Clearly, the policy was in effect from March 14, 1951 for every purpose except the suicide and incontestability provisions. The latter are on their face governed by "the date of issue," which was specifically stated in the policy to be June 22, 1951. The two dates, March 14, 1951, and June 22, 1951, serve entirely different purposes, as is readily ascertainable from a reading of the instrument. The insured's suicide occurred within one year from the specified date of issue, hence applicant's obligation was limited to the return of premiums paid.

A number of authorities are cited by the parties, particularly by appellant, but their citation in this opinion would serve no useful purpose.

Reversed.