**LOYDA, Francisco Javier, et al., Plaintiffs,**

v.

**NEW ENGLAND LIFE INSURANCE CO., Defendant.**

**Civ. No. 74–1157.**

United States District Court, D. Puerto Rico.

Feb. 3, 1976.

M. Martinez Umpierre, Arecibo, P. R., for plaintiffs.

McConnell, Valdes, Kelley, Sifre, Griggs & Ruiz-Suria by Fernando Ruiz-Suria, San Juan, P. R., for defendant.

DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiffs in this action seek recovery as beneficiaries of a policy of life insurance issued by the defendant on the life of their late father. Being minors, they are represented in this action by their judicial administrator. The action was submitted to this court on a stipulation of facts.

On November 11, 1971, Dr. Francisco J. Moreda-Gomez (the insured) signed an application for a life insurance policy to be issued by the defendant. A copy of the application was attached to the poli-

cy that was issued. On November 30, 1971, a prepayment of $50.46 was made, and a conditional receipt bearing the date November 22, 1971, was given to the insured in exchange, providing coverage on his life according to its conditions. Paragraph G(2) of the conditional receipt provides that the defendant will refund the amount of the receipt if its requirements prevent the defendant from completing its underwriting within 60 days after the underwriting date. The underwriting date under the conditional receipt was November 30, 1971, and the receipt was not attached to the policy subsequently issued to the insured.

On February 3, 1972, the defendant approved issuance of the policy upon which this action is based. It bears a date of issue of January 24, 1972, typewritten on the policy. This date permitted a lower premium to be charged the insured since his insurance age increased by one year on January 25, 1972, as he was born on July 25, 1924. The premium on a policy dated February 3, 1972, would have been $2.26 per month higher than that required under the policy actually issued.

Of the prepayment amount of $50.46, the sum of $50.31 was used to pay the monthly premium under the policy that became due on January 24, 1972, the issue date of the policy. The balance was refunded to the insured. The insured paid all subsequent premiums on the policy until his suicide on January 11, 1974.

The policy provides, at page 9, as follows:

"In Case of Suicide Within Two Years. If the insured, whether sane or insane, shall commit suicide within two years from the date of issue of this Policy, the liability of the Company under this Policy shall be limited to the payment in one sum of the amount of premiums paid, less any indebtedness to the Company."

The defendant tendered $1,257.75 to the plaintiffs as payment under the policy. This amount is the sum of all premiums paid by the insured under the policy plus interest to August 14, 1972, the date of tender. The plaintiffs refused said tender, claiming that they are entitled to receive $20,000, the initial face amount of the policy. That amount, according to the policy, is payable upon the death of the insured prior to the first policy anniversary. The basic face amount of $15,420 is payable on or after the first policy anniversary.

The issue before the court is whether the insured committed suicide *within* the period covered by the suicide clause of the policy, in which case $1,257.75 is owed the plaintiffs by the defendant, or *after* the period covered by the clause, in which case $15,420 is owed. An alternative statement of the issue is whether the suicide clause became effective on November 30, 1971, as claimed by the plaintiffs, or on January 24, 1972, as claimed by the defendant.

The following sections of the Insurance Code of Puerto Rico, Title 26, Laws of Puerto Rico Annotated, are relevant to this issue:

Section 1125. "Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any lawful rider, endorsement, or application attached to and made a part of the policy."

Section 1304. "In all such policies other than those containing a clause making the policy incontestable from date of issue, there shall be a provision that the policy and the application therefor, if a copy thereof has been endorsed upon or attached to the policy at issue and made a part thereof, shall constitute the entire contract between the parties, and that all statements made by the applicant or by the insurer, shall, in the absence of fraud, be deemed representations and not warranties."

Section 1323. "(1) The insurer may in any life insurance policy or annuity or pure endowment contract limit its liability in event only of death occurring:

"(a) . . .

"(b) As a result of suicide of the insured, whether sane or insane, within two years from date of issue of the policy."

The plaintiffs claim that the insurance contract, being ambiguous, must be liberally construed in favor of the insured. *Rosario v. Atlantic Southern Ins. Co. of P.R.*, 95 P.R.R. 742 (1968). Their statement of the law is accurate, but I find the rule to be inapplicable to this action as I am unable to find any ambiguity in the contract.

The suicide clause in the policy follows the language of § 1323, referring to "two years from the date of issue of this Policy." The "date of issue" appears unambiguously, in typewritten form, on the front page of the policy. The plaintiffs contend that the time period of the suicide clause began to run on November 30, 1971, the underwriting date of the conditional receipt, but their position is untenable in view of §§ 1125 and 1304, under which the conditional receipt is not part of the insurance contract embodied in the policy.

The same statutes render *American National Insurance Company v. Motta*, 404 F.2d 167 (5th Cir. 1968), upon which the plaintiffs rely, inapplicable to this action. The court in that case found an apparent inconsistency between the conditional receipt and the formal policy of insurance, such that a literal reading of the documents would have the effect of establishing two insurance contracts. The court, interpreting this as an ambiguity, construed the contract in favor of the insured by adopting the date of the conditional receipt as the date at which the suicide clause began to run. It stated: "Since neither party intended this two-contract arrangement, we adopt the interpretation that implements the spirit of the Florida statute as well as construes the several documents as one contract." Here, the conditional receipt which was essential to the decision in *Motta* is not a part of the contract.

■ *Motta* is the only case of which I am aware which departs from the following rule:

"All the cases hold that the clauses of the policy refer not to the time of the actual execution of the policy or the time of its delivery, but to the date of issue specified in the policy itself." *Lloyd v. Franklin Life Insurance Company*, 245 F.2d 896, 900 (9th Cir. 1957).

See also, *State Mutual Life Assurance Co. v. Stapp*, 72 F.2d 142 (7th Cir. 1934); *New York Life Insurance Co. v. Noonan*, 215 F.2d 905 (9th Cir. 1954), cert. denied 348 U.S. 928, 75 S.Ct. 341, 99 L.Ed. 727 (1955); *Byram v. Equitable Life Assurance Society of U.S.*, 180 F.Supp. 620 (W.D.La.1959), aff'd 274 F.2d 822 (5th Cir. 1960). Thus, even if the conditional receipt were deemed to be a part of the contract, the date of issue contained on the face of the policy would control as to the suicide clause.

■ Considering the entire contract, the "date of issue" is established as the reference date in sections of the policy dealing with change of plan, adjustment of benefit in case of incorrect age, and with the timing of premium payments. It is also, in my opinion, the reference point for the suicide clause under consideration here.

Accordingly, I find that the insured's suicide occurred during the period in which the suicide clause of the insurance policy was in effect, and that the plaintiffs are entitled to payment of $1,257.75 from the defendant.

Therefore, IT IS ORDERED AND ADJUDGED that the plaintiffs recover of the defendant the sum of $1,257.75. Costs of this action are awarded to the defendant.