George O. OAKES

v.

**FRANKLIN LIFE INSURANCE COMPANY.**

No. 80–3424.

United States District Court,
E. D. Pennsylvania.

June 1, 1981.

J. Keath Fetter and H. Michael Cohen, Smith, Lachall, Brion, Fetter & Cohen, West Chester, Pa., for plaintiff.

E. David Chanin, Dechert, Price & Rhoads, Philadelphia, Pa., for defendant.

## MEMORANDUM

GILES, District Judge.

In this diversity action plaintiff beneficiary seeks the payment of proceeds of a life insurance policy issued by defendant to an insured decedent who committed suicide. Plaintiff contends that, under the provisions of the policy, death occurred more than two years after the date of issue of the policy and, therefore, there is no bar to recovery. The parties have filed cross motions for summary judgment. The material facts are not in dispute and are stated hence:

1. Franklin Life issued the policy to Dale M. Oakes on August 24, 1977.

2. Under the heading "Payment of Benefits", the policy provides as follows:

Suicide: If within 2 years from the date of issue the insured (whether sane or insane) shall die by suicide, this policy shall automatically terminate and the amount payable in lieu of all other benefits shall be limited to the premiums paid.

3. Under the heading, "Policy Data", the policy sets forth the date of issue as August 24, 1977.

4. On August 18, 1979, the insured died by suicide.

5. The beneficiary's Proof of Death Statement executed and submitted by plaintiff George O. Oakes declares that the cause of death was suicide.

6. The Chester County Coroner's Report states that the manner of death was suicide.

7. An autopsy performed by a forensic pathologist also determined that the manner of death was suicide.

8. Upon the death of an insured by suicide within two years of the policy's date of issue, the policy automatically terminates and the amount payable in lieu of all other benefits is limited to the premiums paid.

9. Franklin Life tendered to plaintiff the return of premiums paid but that sum has been refused by plaintiff.

10. On August 10, 1977, plaintiff's son applied to Franklin Life for a life insurance policy. At that time, Franklin Life provided temporary or interim coverage pending its decision to reject the application or issue a policy. Two weeks later, Franklin Life approved the application and issued and delivered a policy bearing an issue date of August 24, 1977. Almost two years after the policy was in his possession, plaintiff's son died by suicide.

The sole question before this court on cross-motions for summary judgment is whether the date of issue referred to in the suicide clause is the date of issue on the policy, August 24, 1977, or the date on which the insured was given temporary or interim coverage, August 10, 1977.

Plaintiff does not argue that there is any confusion as to the date of issue on the policy. Rather, plaintiff contends that when Franklin Life gave the insured temporary coverage on the date of application and payment of the first month's premium deposit, it created an ambiguity as to the date of issue. That contention is without merit.

There is no ambiguity. The suicide clause is tied clearly to the "date of issue" which is the specific operative language. The designation, "Date of Issue," is set out on the face of the contract of insurance under Policy Data and the date of August 24, 1977, is typed in bold type next to the designation. The date of issue corresponds with the commencement of the "First Policy Year," the "Maturity Date", and the "Expiring Date" of the policy. The schedule of death benefits was premised on the policy year commencing August 24, 1977. The annual premium due date likewise commenced August 24, 1977. The first premium deposit was applied to the period commencing August 24. The incontestability date under the policy was the "date of issue." In short, all operative dates within the policy, including the grace period, are tied to August 24, 1977.

Under Pennsylvania law an insurer may specify in the policy of insurance the date of issue by which a suicide clause is governed. *Potts v. Metropolitan Life Insurance Company*, 133 Pa.Super. 397, 2 A.2d 870 (1938). The policy itself, when issued, embodies the contract. *McAvoy Vitrified Brick Co. v. North American Life Assurance Co.*, 395 Pa. 75, 80–81, 149 A.2d 42 (1959). As a general rule, an insurance policy is governed by the date of issue specified therein. *Lloyd v. Franklin Life Insurance Company*, 245 F.2d 896, 900 (9th Cir. 1957); *Loyda v. New England Life Ins. Co.*, 409 F.Supp. 754, 756 (D.P.R.1976). The cases cited by plaintiff do not alter this rule or call for a different result.

Plaintiff's reliance upon *American National Insurance Co. v. Motta*, 404 F.2d 167 (5th Cir. 1968) is misplaced. In *Motta*, the trial court found an ambiguity under Florida law as to the "policy issue date." As defined, the policy issue date in the policy raised the possibility that it was intended by the defendant insurer to have a commencement date, for purposes of incontestability, from the effective date of the temporary insurance. Such an intent would have been contrary to the Florida Statute which required a single policy period for purposes of suicide clauses. Section 627.-0204, Florida Statutes, F.S.A. Since the defendant insurer could have intended an unlawful result, there was an ambiguity.

However, the *Motta* court recognized that in other jurisdictions the construction of the provisions for temporary insurance and the issued contract as a single entity for suicide clause purposes is not required. It cited and distinguished, for example, *Byram v. Equitable Life Assurance Society of United States*, 180 F.Supp. 620 (W.D.La. 1959) *aff'd* 274 F.2d 822 (5th Cir. 1960) (*per curiam*). In that case, the court found that Louisiana law was consistent with the approval of an insurance contract as uniform and unambiguous whose effective date related back to the date of application but whose suicide and incontestability dates were governed by the date of issue stated in the policy. To the same effect is *Crowley v. Travelers Insurance Co.*, 196 F.2d 315 (5th Cir. 1952).

In Pennsylvania, the period of a contestability or suicide clause does not have to run concurrently with the effective date of the policy. *Perilstein v. Prudential Insurance Co. of America*, 345 Pa. 604, 29 A.2d 487 (1943).

In the present case, at best, plaintiff applied for, and received, interim insurance but on the terms and conditions contained in the policy which he applied for and was issued. The decedent is held to have known when he received and accepted the contract of insurance that the date of issue, which was clearly set out, was August 24, 1977, and that the two year period for the suicide clause turned on that date, the date of issue, August 24, 1977.

The Pennsylvania Supreme Court's holding in *Collister v. Nationwide Life Insurance Company*, 479 Pa. 579, 388 A.2d 1346 (1978) does not change the court's holding. That case did not involve a suicide but an accidental death. Furthermore, it was only concerned with coverage during the interim period between application and issuance of the policy and not with the terms of the policy once issued or with its date of issue. The specific question raised was whether there was temporary insurance coverage where the proposed insured had paid the required premiums but was neither examined prior to his death, nor issued a policy. There, a conditional receipt had been issued which, the court found, contained an ambiguity in the circumstances surrounding the temporary insurance coverage, suggesting that temporary insurance coverage commenced with acceptance of the premium by the insurer. The court resolved the ambiguity in favor of the applicant for insurance. Here, there is no ambiguity and, moreover, the insured received a benefit, that is, temporary insurance, in return for his initial premium. He also received a policy which advised him of the terms of the insurance policy, and the suicide clause in particular.

*Krebs v. Philadelphia Life Insurance Co.*, 249 Pa. 330, 95 A. 91 (1915), likewise, is

inapplicable because its suicide clause had a clear ambiguity. The applicable period ran from the "date hereof" as opposed to the date of issue of the policy.

Since there was no ambiguity in the Oakes policy, defendant, Franklin Life's motion for summary judgment is granted.