The TRAVELERS INSURANCE
COMPANY, Plaintiff,

v.

Elizabeth M. SUMMERS, Defendant.

Civ. A. No. 81–G–0124–S.

United States District Court,
N. D. Alabama, S. D.

June 2, 1981.

Braxton Schell, Jr., Bradley, Arant, Rose & White, Birmingham, Ala., for plaintiff.

Charles H. Moses III, Engel, Hairston, Moses & Johanson, Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

This cause came before the court upon cross-motions for summary judgment by plaintiff and defendant. The plaintiff is asking for a declaratory judgment to determine the plaintiff's liability to the defendant under a life insurance policy. This court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

The essential facts were stipulated by counsel for each party. Exhibit A to the complaint is a copy of the insurance policy involved in this action. Date of issue of the policy of insurance is stated on the Schedule of Benefits to be December 15, 1978. It appears that the annual premium is due on December 14 of each year. The insured made application for the policy on November 7, 1978. The medical portion of that application was completed on November 10, 1978. At the time of his application, the insured received a Conditional Coverage Receipt dated November 7, 1978, which stated in paragraph 1(a):

Insurance under the terms of the contract applied for and subject to the limits in Paragraph 4 shall be effective from the date of the last of any medical examinations or tests required by the Company under its established underwriting rules and practices, if on that date each individual proposed for coverage is insurable at standard rates according to the underwriting rules and practices of the Company for the amount and plan of insurance applied for, and if the above sum [$13.75] is sufficient to pay in full the first premium for the contract.

The applicable policy provided:

Suicide—If the Insured shall commit suicide while sane or insane within two years from the Date of Issue of this contract, the amount payable will be limited to the premium paid.

The insured died by suicide on November 18, 1980.

Plaintiff contends that the above provision regarding suicide is applicable because the insured died within two years of December 15, 1978. The defendant contends that full benefits are due under the policy as the policy terms are ambiguous and the insured died more than two years from the effective date of the policy.

This court finds that there is no ambiguity which should be construed against the plaintiff. The "Date of Issue" is clearly denominated on the policy and is so referred to in the provision barring recovery from suicide within two years of the "Date of Issue." The defendant cites two cases to support its position that plaintiff contends' are distinguishable, *Cotton States Life Ins. Co. v. Knowles*, 45 Ala.App. 607, 234 So.2d 886 (1970), and *American National Insurance Co. v. Motta*, 404 F.2d 167 (5th Cir. 1968).

In *Knowles, infra*, the Alabama Court of Civil Appeals held that due to ambiguity in the terms of the insurance contract all provisions of the policy were controlled by the effective date of the policy, which, according to the conditional receipt, was the date of the receipt since no medical examination was required. The *Knowles* decision may be distinguished in several important respects. In determining that the contract was ambiguous, the court in *Knowles* looked to the incontestability clause in the insurance contract which used the same phrase, "Date of Policy," as the suicide

clause. The court determined that the phrase "Date of Policy" must have the same meaning in both clauses; however, to attribute such meaning to the incontestability clause would bring that clause in conflict with Title 28, Section 7, Code of Alabama 1940, which states:

Life policies incontestable after two annual premiums paid.—No life insurance company shall contest a claim under any policy of insurance on the plea of fraud or irregularities in application after two annual premium payments have been made on policy, . . . .

In *Knowles*, the annual premium payments were due on the anniversary of the *effective* date, rather than the anniversary of the "Date of Policy." Thus "Date of Policy" for purposes of the incontestability clause, must have meant "effective date" to avoid direct conflict with the Alabama statute, and the term "Date of Policy" was therefore ambiguous.

In the case before this court, the term "Date of Issue," which is not ambiguous on its face, is used. The term "Date of Issue" is not mentioned in the conditional receipt; the conditional receipt simply provides for an earlier *effective* date. As in *Knowles*, the incontestability clause of the policy here is similar to the suicide clause; it provides that the contract "shall be incontestable after it has been in force during the lifetime of the Insured for two years from its Date of Issue." The applicable provision in the Alabama Code, which has been amended since *Knowles*, provides that an insurance policy must contain a provision that it shall be incontestable "after it has been in force during the lifetime of the Insured for a period of two years from its Date of Issue." Code of Alabama 1975, § 27–15–4. Thus, there is no ambiguity or conflict between the terms of the policy and the current Alabama Code provisions. This case also differs from *Knowles* in that the annual premiums are due on the anniversary of the contract date, which is more than a month after the effective date on the conditional receipt. Thus, this policy would not have been in conflict with the Alabama Code provision applicable in *Knowles*.

The due date of the annual premium payments is a significant distinction between this case and *Knowles*. In *Knowles*, since the insured's premium payments were due on the anniversary of the application date, the insured had paid for more than two years of insurance coverage at the time of his death; therefore, the use of the words "Date of Policy" acted to extend the period covered by the suicide clause, providing the company with an extra period of immunity without consideration for the extension. The Travelers payment date in this case effectively provided the insured with over a month of free insurance coverage. At the time of his death, the insured's second annual premium payment was not yet due.

The Fifth Circuit found ambiguity in the policy provisions in a similar case arising out of Florida. *American National Insurance Co. v. Motta*, 404 F.2d 167 (5th Cir. 1968). However, *Motta* may be distinguished from the case before this court in several important respects. First, the pertinent policy provisions in *Motta* referred to the "Policy Issue Date" rather than the "Date of Issue," as in this case. The Fifth Circuit emphasized the fact that the conditional receipt recited that it was "subject to the terms of the policy" when no policy was in existence at that time; the conditional receipt in the case before this court did not contain such language. The circuit court found that this clause in the conditional receipt made the insurance contract ambiguous. The Fifth Circuit in *Motta* further based its decision on the effect of the Florida incontestability statute, stating that the Florida statute, which is phrased similarly to the present Alabama statute, begins the running of the incontestability provisions with the attachment of the risk of loss, which is the effective date of coverage. However, the circuit court did not reach this discussion until it had already determined that the insurance contract was ambiguous and distinguished its decision from fact situations in which the insurance contract has not been found to be ambiguous. *Motta*, 404 F.2d at 169.

This court has found the insurance contract in the case before this court not to be ambiguous and follows the reasoning in *Byram v. Equitable Life Assurance Society of U. S.*, 180 F.Supp. 620 (W.D.La.1959), aff'd 274 F.2d 822 (5th Cir. 1960), and the recent case of *Loyda v. New England Life Insurance Co.*, 409 F.Supp. 754 (D.P.R.1976), to hold that the date of issue contained on the face of the policy controls as to the suicide clause, and therefore the defendant is only entitled to the premiums paid. It is important to note that the *Byram* decision from Louisiana involved an incontestability statute that is phrased in similar terms to the new Alabama statute.

Accordingly, the defendant is entitled only to $333.53 from the plaintiff, which represents the premiums paid up until the death of the insured.

An order consistent with this memorandum opinion will be entered contemporaneously herewith.