The **TRAVELERS INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**Elizabeth M. SUMMERS, Defendant-Appellant.**

**No. 82–7087.**

United States Court of Appeals, Eleventh Circuit.

Jan. 31, 1983.

Samuel Maples, Birmingham, Ala., for defendant-appellant.

Braxton Schell, Jr., Birmingham, Ala., for plaintiff-appellee.

Before HILL and VANCE, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

This is an appeal from a summary judgment in the plaintiff Insurance Company's declaratory judgment action, limiting its liability to a return of the paid-in premiums plus interest. On appeal, the defendant beneficiary contends that the trial court erred by holding that the term "date of issue" on the face of the policy controls for the purpose of measuring the two year time period in the suicide clause, where the insurance covered by the policy became effective several weeks before the date of issue.

The facts were stipulated by the parties. On November 7, 1978, Franklin E. Summers, Jr., an Alabama resident, applied to the appellee for a 30-year decreasing term life insurance policy. On the same day as he made application, Summers paid $13.75 to appellee, representing prepayment of one full month's premium. In exchange, Summers received a Conditional Receipt for Advance Payment with Application for Life Insurance on the same day. Summers completed his medical requirements under the application on November 10, 1978, and the policy, by the terms of the Conditional Receipt, became effective on that day. A formal policy was issued on December 15, 1978. Summers committed suicide on November 18, 1980.

Appellee brought suit under diversity jurisdiction for declaratory judgment to limit its liability under the policy to the paid-in premiums plus interest, which would be $333.53. After the first payment, Summers paid by automatic draft deduction from his bank account beginning on January 14, 1979, and ending on November 14, 1980. Summers made a total of 24 payments, and was in his 25th month of effective coverage. Appellant, Summers' wife, who is the prime beneficiary of the policy, counterclaimed for the commuted value of the policy, which would be $43,575.00. Both parties moved for summary judgment.

On June 2, 1981, the district court, 515 F.Supp. 553, held that the "date of issue" under the terms of the policy's suicide clause was December 15, 1978, thus finding for appellee that appellant was entitled only to the return of premiums under the policy. On February 19, 1982, the district court denied appellant's motion to amend the court's order. Appellant filed a notice of appeal on March 14, 1982.

## I.  ISSUE

Did the trial court err by granting summary judgment in favor of appellee by holding that the term "date of issue" on the face of the policy controlled for purposes of measuring the two-year time period in the suicide clause?

## II.  DISCUSSION OF ISSUE

The application for insurance provided that:

(2) Except as stated in the attached Conditional Coverage Receipt bearing the same number as this application, no insurance shall take effect until the contract is delivered to the applicant and the first premium paid in full all while the health and other conditions relating to insurability of each individual proposed for coverage remains as described in this application.

Since the application makes an exception for the Conditional Coverage Receipt, it is necessary to turn to that document to construe the meaning of the application. The Receipt provides that:

1.(a) Insurance under the terms of the contract applied for and subject to the limits in paragraph 4 shall be effective from the date of the last of any medical examinations or tests as required by the company under its established underwriting rules and practices, if on that date each individual proposed for coverage is insurable at standard rates according to the underwriting rules and practices of the company for the amounts and plan of insurance applied for, and if the above sum is sufficient to pay in full the first premiums of the contract.

Since Summers completed his medical requirement on November 10, 1978, the insurance became *effective* on that date. This fact is stipulated.

Appellant contends that the above provision of the Receipt is ambiguous when read together with the policy's suicide clause. That clause provides:

Suicide—If the insured shall commit suicide while sane or insane within two years from the Date of Issue of this contract, the amount payable will be limited to the premiums paid.

Since "date of issue" is not defined in the policy, appellant contends that it must refer to the *effective* date of the policy and not the date of December 15, 1978, on which the formal policy was issued. Appellee argues that the "date of issue" in the suicide clause

unambiguously refers to the date of issue on the face of the formal policy, which was December 15, 1978.

Appellant relies on the case law, the Alabama statutory law, and the intent of the parties to support her argument. The Alabama case law is clear that a court should resolve all ambiguities in a policy in favor of the insured, *Safeco Insurance Co. of America v. Banks,* 275 Ala. 119, 152 So.2d 666 (1963), especially where clauses might work a forfeiture of benefits under a policy. *Sovereign Camp, W.O.W. v. Miller,* 231 Ala. 336, 164 So. 742 (1935). The question for this Court to consider then becomes whether the policy is ambiguous.

Appellant charges that the policy, the application, and the Conditional Coverage Receipt are in conflict and thus create an ambiguity. In a case virtually identical to this one on the facts, a panel of this Court found an ambiguity because the Conditional Receipt provided for coverage under a contract not yet in existence. The court held that the term "policy issue date" in the suicide clause, without any explicit definition, referred to the date coverage became effective under the Conditional Receipt and that the beneficiary was therefore entitled to recover the value of the policy. *American National Life Insurance Co. v. Motta,* 404 F.2d 167 (5th Cir.1968). The district court in the instant action sought to distinguish *Motta* by finding that the terms of the Conditional Receipt in that case, whereby the coverage was "subject to terms of the policy" where no formal contract existed, created an ambiguity whereas the policy here was clear. The court reasoned that, since the Receipt extended coverage "under terms of the contract applied for," and the policy had been applied for, there was no ambiguity. It is difficult to see the distinction drawn by the district court. In *Motta,* as in this case, the Receipt made reference to a policy applied for. If the Receipt made certain provisions effective on November 11 and the policy made those provisions effective on December 15, then this appears to be an ambiguity. That this is so may be confirmed by a hypothetical question: If Summers had committed suicide on November 18, *1978,* when the Receipt and not the formal policy was in effect, then would not the company surely have applied the suicide clause and repaid only the premiums? In that case, would not "date of issue" have been read by the company to mean the *effective* date, so that the company could have had the benefit of the suicide clause under the Receipt, as it undoubtedly did? It is not possible then for the appellee to deny the existence of an ambiguity. Although the *Motta* case arose in Florida, the legal conclusion by the court there was not dependent on any uniquely Florida law.

The appellant's position is also supported by the Alabama case law. In *Cotton States Life Insurance Co. v. Knowles,* 45 Ala.App. 607, 234 So.2d 886 (1970), under a virtually identical fact situation where the suicide clause ceased to apply two years from the "date of policy," the Court of Civil Appeals of Alabama found that there was ambiguity and that the suicide clause referred to the effective date. The court recognized that, absent ambiguity and with a clear definition of the clause's operational date, it is not necessary that the suicide clause and the effective date of the policy be the same:

> It is further insisted by appellant, that there is no requirement of law that the time from which the limitation of liability under the suicide clause begins to run must be the same as the date from which the insurance coverage under the Receipt is first effective, or that the suicide clause must begin to run concurrently with the effective date of the insurance coverage. We find no fault with this contention as a general statement, but it must be viewed in light of the proposition that such provision must be clear and unambiguous when considered with the whole contract and must clearly express the intention of the parties.

234 So.2d at 889. Since the Alabama court went on to find that the policy in that case involved an ambiguity and that, therefore, the effective date should be read into the suicide clause:

> We hold that when a company, of its own accord and presumably for its own

benefit, chooses to provide in its application an alternative to, or exception from, its usual manner of doing business, accepts a premium and places in effect a policy of insurance on the life of an insured on a date which precedes its date of delivery, date of issuance, or date of policy, *all provisions of the policy when issued are controlled by the effective date of the policy,* unless the contract when taken in its entirety, and the relation to the surrounding and attendant circumstances, or by specific provisions, clearly and unambiguously shows to the contrary.

234 So.2d at 892 (emphasis added).

Appellee attempts to distinguish *Knowles* by urging that the payments in the *Knowles* case were due on the anniversary of the effective date, and not on the anniversary of the policy date, as they were here. The appellee argues that, since Summers did not make payment from November 7, 1978 until January 14, 1979, he effectively received one full month of "free" insurance. Appellee claims that it should receive the benefit of the suicide clause for the first two years of *paid for* insurance. Similarly, the district court here found that, "unquestionably, the free month of insurance coverage should not be included in the two year suicide provision." Yet this argument seems to cut against appellee's contention that the "date of issue" is an unambiguous term that may be simply taken from the face of the policy. Moreover, the fact that some person may have received a "free" month of coverage cannot be held against him. This was a bargained for term in the contract, that appellee admits in its brief was used to "induce" Summers to purchase the policy.

Our reading of *Motta* and *Knowles* as to their similarity, seems peculiarly appropriate because the Alabama court in *Knowles* said:

The recent case of *American National Ins. Co. v. Motta,* decided by the United States Court of Appeals, Fifth Circuit, and cited at 404 F.2d 167, was, for all practical purposes, identical in fact and situation with the case at bar. Its decision is in agreement with our decision here.

234 So.2d at 892.

Appellant also argues that the Alabama incontestability statute, Code of Ala.1975, § 27–15–4, requires that all life insurance policies have a clause making them incontestable after the policy has been in force "two years from its date of issue." Appellant claims that the district court's resolution of the case would permit the violation of this statute by the insurance company. Appellee points out, however, that the "date of issue" language is the same as the language in the suicide clause, and that the incontestability statute has been amended from its earlier requirement that the statute be incontestable "two years from the effective date of policy or date of attachment of risk of loss." Appellee also claims that this Alabama incontestability clause differs from the Florida incontestability clause referred to in *Motta* and thus renders *Motta* inapplicable. We find no such difference between the statutes. The incontestability argument, moreover, was only one of the grounds which the *Motta* court mentioned in reaching its decision.

Appellant finally argues that if the formal date of issue controls the suicide clause, then it effectively creates two insurance policies, one for the conditional coverage period without a suicide clause because the clause would not have existed until the date of issue, and the formal insurance policy. Appellant claims that this result is contrary to the intent of the parties. The *Motta* court indicated, its acceptance of this same argument at 404 F.2d 169.

The appellee cites *Crowley v. Travelers Insurance Co.,* 196 F.2d 315 (5th Cir.1952) as controlling precedent for this court. *Crowley* is distinguishable because the policy there contained a definition of the words "date of issue:" "the date of issue as used in this contract means the date on which the instrument is executed at Hartford, Connecticut." 196 F.2d 315, fn. 1. This definition supplied the "specific provision" referred to in *Knowles.* In this case, as in

*Motta* and *Knowles,* the policy contained no definition of the term "Date of Policy." It, therefore, failed to show "clearly and unambiguously" that the "date of issue" was the date the policy bore when the "contract taken in its entirety, and in relation to the surrounding and attendant circumstances, or by *specific provisions* otherwise," 234 So.2d at 892, (emphasis added), failed "clearly and unambiguously" to establish that fact.

We conclude that these several documents which the parties agree made the insurance coverage effective on November 10, 1978 were ambiguous when the formal policy issued on December 15 provided in the suicide clause that no coverage would be available if the insured died of his own hand within two years of the "date of issue." Since such ambiguity requires that the policy be construed in favor of the insured we conclude, as did this Court in *Motta, supra,* and the Alabama court in *Knowles,* that "all provisions of the policy when issued are controlled by the effective date of the policy."

The judgment is REVERSED and the case is REMANDED for further proceedings not inconsistent with this opinion.