KLEIN, J.
Appellant Metropolitan appeals a judgment entered against it on a life insurance *1063 policy, arguing that the trial court erred in holding that the decedent’s suicide did not occur within two years of the date of issuance of the policy. We reverse.
The insured completed an application for a $500,000 life insurance policy on January 1, 1994. At that time he paid $300 for which he received a “Prepayment Receipt and Temporary Life Insurance Agreement.” That temporary policy provided a maximum amount of $50,000 in insurance, and stated that it would either be replaced when the $500,000 policy was issued or would expire in 120 days.
On March 8, 1994, the insurer issued the $500,000 policy, and the $300 payment made by the insured on January 1 was applied to the first quarterly premium of the $500,000 policy. That policy, at issue here, contained the following provisions:
Dates
Policy years, months and anniversaries are all measured from the Policy Date. The contestable and suicide periods start on the Date of Issue. The Policy Date and the Date of Issue are both shown in Section 1.
Suicide Within Two Years
If the insured dies by suicide within two years from the Date of Issue, the policy proceeds will be limited to the amount of the premiums paid, less any dividends paid in cash or used to reduce premium payments.
The Date of Issue shown on the policy is March 8,1994.
On February 5, 1996, the insured committed suicide. Metropolitan refused to pay because the suicide had occurred within two years of the date of issue of the policy, and the appellee, as beneficiary, filed this suit. On cross motions for summary judgment the trial court ruled in favor of the beneficiary, finding that a sentence in the temporary policy created an ambiguity as to when the two year suicide period started to run. Construing that ambiguity in favor of the insured, the court held that the suicide occurred after the two year period had expired.
The paragraph in the temporary policy on which the trial court relied provided as follows:
Insurability and Policy Date
The Company will determine if a Proposed Insured is insurable: (a) using the regular underwriting rules, limits and standards of the Company; and (b) as of the effective date of the temporary insurance, but the Company can require for this purpose further medical examinations, tests and reports after the effective date. Any policy issued on the basis of the Application will be dated as of the effective date of the temporary insurance.
(Emphasis added.)
Because the effective date of the temporary insurance was more than two years before the suicide, the trial court ruled in favor of the beneficiary.
As we noted above, the policy provided for two types of dates, the Policy Date and the Date of Issue. It further provided that if “the insured dies by suicide within two years from the Date of Issue, recovery would be limited to a refund of the premiums.” The policy clearly reflects both a policy date and a date of issue, and both are March 8,1994.
The trial court concluded that the temporary policy had to be read together with the permanent policy, because of section 627.419(1), Florida Statutes, which provides:
Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any application therefor or any rider or endorsement thereto.
The trial court erred in concluding that this statute applies to the temporary life insurance policy. There was an application in this case which would be covered by the statute; however, the application was *1064 not the basis for the trial court finding an ambiguity. The temporary insurance policy, on the other hand, was separate and apart from the application, and is not a document included in section 627.419.
It is not unusual for a life insurance policy to have a date of issue for purposes of a suicide clause, and another date for purposes of payment of premiums or other matters. Where the policy provides that the suicide period runs from the date of issue, there is no ambiguity. Davis v. Fidelity Mut. Life Ins. Co., 107 F.2d 150 (4th Cir.1939); Crowley v. Travelers Ins. Co., 196 F.2d 315 (5th Cir.1952); New York Life Ins. Co. v. Noonan, 215 F.2d 905 (9th Cir.1954); Lloyd v. Franklin Life Ins. Co., 245 F.2d 896 (9th Cir.1957); Progressive Enters., Inc. v. New England Mut. Life Ins. Co., 538 F.2d 1057 (4th Cir.1976).
In Bickford v. Metropolitan Life Insurance Co., 114 N.H. 237, 317 A.2d 573 (1974), the insured committed suicide on June 22, 1969. He had applied for life insurance on March 14, 1967 and was issued a temporary insurance policy providing coverage for sixty days. He was then issued a permanent policy which contained a two year suicide clause, and a “date of issue” of July 1, 1967. In rejecting the beneficiary’s argument that the temporary insurance agreement created an ambiguity, and noting that the temporary policy had expired, the court observed: “The temporary agreement and the insurance policy were separate contracts, and the plaintiffs attempt to portray them as one instrument is defeated by their express terms.” Id., 317 A.2d at 575; see also Pappageorge v. Federal Kemper Life Assurance Co., 878 P.2d 56 (Colo.App.1994).
We reverse and remand for judgment to be entered in favor of Metropolitan.
WARNER, C.J., and TAYLOR, J., concur.